RECEIVED
JUL 26 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

Original Copy

E-FILED
Tuesday, 02 August, 2005 08:26:22 AM
Clerk, U.S. District Court, ILCD

FILED
AUG 1 - 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Steven D. Donovan,
Reg. No. 03293-089 Petitioner,
FCI Pekin
P.O. Box 5000
Pekin, IL. 61555

Civil No. 05-1218

Original Crim. No. 91-CR-265

vs.

Alberto R. GONZALES, U.S. Attorney General,*
and Rick Veach, Warden, FCI Pekin,
Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS
## PERSONS IN FEDERAL CUSTODY
## PURSUANT TO TITLE 28 USC § 2241

Nature of offense(s): Possession with intent to distribute cocaine and conspiracy to do the same allegedly in violation of 21 USC §§ 841(a)(1), 846.
Date of sentence imposed: October 18, 1992.
Terms of sentence: Life w/o parole.
Kind of trial: Jury.
Did you appeal the judgment of conviction? Yes.
If you did appeal, answer the following:
Name of court: Seventh Circuit Court of Appeals.
Result: Affirmed on 5/13/1994 U.S. v. Donovan, 24 F.3d 908
Have you previously filed a motion under 28 U.S.C. § 2255 with respect to this conviction? Yes.
Results: Dismissed under Rule 4 w/o merits adjudication..
The name of court you filed your motions/petitions: U.S. District Court, Eastern District of Wisconsin.


\* Petitioner, Steven Donovan was sentenced to the custody of the Attorney General pursuant to 18 USC § 4082.

i

Have you filed any other petitions, applications, or motions with respect to the judgment under attack? Yes.

Nature of proceedings: Application pursuant to 28 USC § 2244(b)(3) seeking district court authorization to consider second or successive 28 USC § 2255 motion based on U.S. Supreme Court's holding in <u>Massaro v. U.S.</u>, 538 U.S. 500 (2003). Additionally, Steve Donovan sought relief from judgment pursuant to Rule 60(b) Fed.R.Civ.Pro. contesting the integrity of the proceedings that resulted in the district court's erroneous judgment dismissing his first § 2255 motion, again based on <u>Massaro</u>.

The date of each disposition: 28 USC § 2244(b)(3) application denied 8/18/2003. Rule 60(b) motion dismissed 1/23/2004.

If you filed a motion under § 2255 and it was denied (in this case dismissed) then for each ground raised here, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: Because the Ground raised here confirms that the district court lacked jurisdiction to determine Mr. Donovan's guilt under the statute charged and that the indictment failed to state an offense, he must be permitted to seek habeas corpus under § 2241. Jurisdictional defects can be raised at "any time."

Has any ground set forth been previously presented to this, or any other federal court by way of petition for habeas corpus, motion under § 2255 or application? No.

Have any of the grounds for relief presented here been raised in any prison grievance or administrative remedies procedure? N/A

Give the names and address of every attorney who represented you in the following stages of the judgment attacked:
(a) Preliminary Hearing: Thomas G. Holloran, Milwaukee, WI.
(b) Arraignment & Plea: Robert A. Novelle, 61 W. Superior St. Chicago, IL.
(c) Trial: Robert Novelle.
(d) Sentencing: Robert Novelle.
(e) Appeal: William Moss
(f) Post-Conviction motion: Pro se.
(g) Appeal from denial of post-conviction motion: Pro se.

    WHEREFORE, Petitioner Steven D. Donovan, requests that the court grant him all relief to which he may be entitled in this proceeding.

## DECLARATION

    Petitioner, Steven D. Donovan, declares under penalties of perjury under the laws of the united States of America that the facts herein are true and correct to the best of my knowledge, recollection, information and belief.

Respectfully submitted this 25th day of July, 2005.

Steven D. Donovan
Reg. No. 03293-089
P.O. Box 5000
Pekin, IL. 61555

ii