# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

FILED

AUG 1 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVEN D. DONOVAN,             )
                               )
                               )
         Petitioner,           )
                               )
    v.                         )       No. 05-1218
                               )
                               )
RICK VEACH, Warden,            )
FCI Pekin, Illinois,           )
                               )
                               )
         Respondent.           )
                               )

## ORDER

Steven Donovan is attempting a challenge under 28 U.S.C. § 2241 to his federal conviction, but it is procedurally improper.

A January 1992 indictment charged Steven Donovan, his brother Vincent, Patrick Shea, and Stephen Dineen with conspiring to distribute cocaine. Donovan was charged with one count, and his brother was charged with two counts, of possessing cocaine with intent to distribute and traveling in interstate commerce to facilitate an illegal act. Dineen faced a similar traveling-in-commerce charge. After a jury trial in the U.S. District Court for the Eastern District of Wisconsin, the defendants were convicted on all counts, and the judge sentenced Donovan to life in prison.

Donovan appealed to the Seventh Circuit in October 1992, claiming that the judge erred in allowing a certain witness to testify, that the prosecutor's closing argument denied him a fair

trial and his right against self-incrimination, and that the judge erred in failing to give the defense's multiple-conspiracy jury instruction. The Seventh Circuit affirmed on May 13, 1994. United States v. Donovan, 24 F.3d 908 (7th Cir. 1994).

Nearly a year later, on May 1, 1995, Donovan returned to the Eastern District of Wisconsin to file a motion under 28 U.S.C. § 2255 for collateral review. He claimed that the Government had intruded on confidential communications with counsel, that the forfeiture of his property followed by his criminal sentence put him in double jeopardy, and that trial counsel was ineffective. The sentencing judge summarily dismissed the motion on the theory that Donovan had procedurally defaulted his claims for failure to raise them on direct appeal. The Seventh Circuit affirmed, concluding that the double-jeopardy claim lacked merit and that there was insufficient reason to excuse the failure to raise the other two claims on direct appeal. Donovan v. United States, No. 95-2720, 1996 WL 735589 (7th Cir. Dec. 18, 1996).

Donovan returned to the Seventh Circuit several years later in order to file a motion requesting an order authorizing a successive § 2255 motion. 28 U.S.C. §§ 2255 ¶ 8, 2244(b)(3). Donovan wanted to claim ineffective assistance of trial counsel, and he believed the proposed collateral attack was authorized by a new rule from the U.S. Supreme Court that federal prisoners do not procedurally default ineffective-assistance claims for failure to raise them on direct appeal. The Seventh Circuit disagreed,

2

concluding that the new constitutional rule requirement--§§ 2255 ¶ 8(2), 2244(b)(2)(A)--had not been satisfied. <u>Donovan v. United States</u>, 03-3022 (7th Cir. Aug. 18, 2003).

Donovan pressed on by filing a Rule 60(b) motion in the Eastern District of Wisconsin seeking to reopen the first § 2255 case. The sentencing judge dismissed the Rule 60(b) motion, and, in Donovan's appeal of that decision, the Seventh Circuit affirmed on the ground that the Rule 60(b) motion was really an unauthorized second or successive § 2255 motion. Donovan also repeated his prior request for authorization to pursue a successive § 2255 motion, which the Seventh Circuit rejected as repetitive. <u>Donovan v. United States</u>, 04-1391, 04-1736 (7th Cir. Apr. 8, 2004).

Undeterred, Donovan filed a motion asking the Seventh Circuit to recall its mandate in the original § 2255 appeal. The Seventh Circuit treated the motion as a request for authorization to file a successive § 2255 motion, and declined to do so, pointing out in a brief order of December 28, 2004, that Donovan's request was repetitive and that it was not based on a new constitutional rule.

Next comes Donovan's latest attempt, a petition for a writ of habeas corpus, 28 U.S.C. § 2241, filed in the district of incarceration, the Central District of Illinois, in which he challenges the validity of his two convictions under 21 U.S.C. § 841(a)(1) based on his interpretation of § 841(a)(1).

It is possible to use § 2241 to escape the limitations on successive § 2255 motions, but the cases allow this in a very specific situation: where the circuit in which the prisoner was sentenced--or more typically the U.S. Supreme Court--issues a fully retroactive decision narrowing a substantive criminal statute after the prisoner's first two rounds of review have been exhausted, and the law in the circuit in which the prisoner was sentenced clearly foreclosed the argument during the first two rounds of review. Kramer v. Olson, 347 F.3d 214 (7th Cir. 2003); Taylor v. Gilkey, 314 F.3d 832 (7th Cir. 2002); United States v. Prevatte, 300 F.3d 792 (7th Cir. 2002); In re Davenport, 147 F.3d 605 (7th Cir. 1998).

Donovan's claim is that the ordinary drug dealer on the street does not violate 21 U.S.C. § 841(a)(1), which on its face prohibits "any person" from manufacturing, distributing or dispensing a controlled substance, or possessing a controlled substance with intent to do these things.  This contention derives from the fact that the Controlled Substances Act (CSA), 21 U.S.C. Chpt. 13, Subchpt. I, §§ 801-904, is concerned with both the illegitimate and legitimate drug trade.  Subsection 841(a)'s introductory phrase ("Except as authorized by this subchapter") clarifies that certain persons can lawfully manufacture, distribute, and dispense controlled substances, §§ 822 and 823 allow persons to obtain a registration with the U.S. Attorney General allowing them to legally engage in these activities, and §§ 842 and 843 seem to be

4

especially concerned with these registered persons, as these provisions specifically target "registrants," §§ 842(a)(2)-(3), (b), 843(a)(1). Moreover, there are cases considering the issue of whether a registered person can be prosecuted under § 841(a)(1). E.g., United States v. Moore, 423 U.S. 122 (1975). All this focus on the legitimate drug trade sometimes leads a pro se prisoner to the conclusion that § 841(a)(1) is limited to this class of people. And this is the gist of Donovan's argument.

The procedural problem with this argument is that Donovan is not relying on a recent Seventh Circuit or Supreme Court decision changing the law in this area, and, until that kind of authoritative change happens, his § 2241 petition is premature. Cf. Davenport, 147 F.3d at 611-12 (cautioning that a prisoner sentenced in one circuit and put in custody in another circuit would not be allowed to rely on favorable precedent from the custody circuit in a third round of review under § 2241). Davenport does not automatically authorize a third round of review so a prisoner can make whatever statutory arguments he can imagine.

IT IS THEREFORE ORDERED that Donovan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (docket no. 1) is DISMISSED for lack of jurisdiction. CASE TERMINATED.

Signed this 19th day of August 2005.

s/Joe B. McDade
JOE BILLY McDADE
United States District Judge

5