E-FILED

Monday, 22 August, 2005 11:07:21 AM
Clerk, U.S. District Court, ILCD

FILED

AUG 2 2 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Steven D. Donovan,

          Petitioner,

   vs.

ALBERTO GONZALES, U.S. Attorney Gen.
RICK VEACH, Warden, FCI Pekin,

          Respondents.

]
]
]
]
]
]
]
]
]
]
]

Civil Case No. 05-1218

## MOTION FOR LEAVE TO AMEND 28 USC §2241 HABEAS PETTITION
### MOTION PURSUANT TO RULE 59(e).

Petitioner, Steven Donovan, hereby Motions this court for Leave to Amend his 28 U.S.C. §2241 Habeas Corpus Petition Filed in this court on August 1, 2005, based on the following:

Petitioner deems it necessary to amend his petition with Fifth and Eighth Amendment principles in an effort to demonstrate his entitlement to an adjudication of his claims on the merits.

Granting leave to amend the petition will facilitate this court's decision in an extremely crucial proceeding.

Petitioner respectfully requests that the court grand leave to amend his 28 U.S.C. §2241 petition.

Submitted this /8 day of
August, 2005.

Steven D. Donovan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

---

Steven D. Donovan,
      Petitioner, **RECEIVED**

AUG 2 2 2005

vs.            JOHN M. WATERS, CLERK   Civil No. 05-1218
              U.S. DISTRICT COURT
           CENTRAL DISTRICT OF ILLINOIS

ALBERTO GONZALES, U.S. Attorney Gen.*
RICK VEACH, Warden, FCI Pekin,
         Respondents.

---

AMENDED PLEADING
MOTION PURSUANT TO RULE 59(e).

On August 1, 2005, Petitioner applied for a writ of habeas corpus

pursuant to 28 U.S.C. §2241. The single Ground raised in the writ

was that, "Absent Congressional intent, the U.S. Government
          lacked legal authority [i.e., jurisdiction] to
          charge Petitioner under 21 USC §841 considering
          he was/is not of the 'class' of persons whom the
          statute sweeps into its criminal ambit."
          (Mem. of Law at 4)

    If Petitioner's claims are correct—that he is imprisoned

based on conduct that was not made criminal pursuant to an act

of Congress——he would be entitled to an adjudication on the

merits under §2241 due to one or more of the following reasons:

    1) Petitioner's claim establishes that he is actually, as

apposed to legally innocent of the charges for which he was

convicted.

---

    * Petitioner hereby moves to strike Attorney Gen. A. Gonzales
as Respondent in this action based on the U.S. Supreme Court's
recent decision in Rumsfeld v. Padilla, 159 L.Ed.2d 513 (2004)(In
a habeas corpus challenge, the proper respondent is the warden ...
not the Attorney General.) Id. L.Ed.2d at 527.

The argument that a time limit on the use of § 2255 without a safety hatch violates either the Due Process Clause of the Fifth Amendment or the Eighth Amendment if it forecloses collateral relief by an innocent person draws some support, albeit in dicta, in decisions of other circuits suggesting that claims of "actual innocence" deserve special protection. See Triestman v. United States, 124 F.3d 361, 379-80 (2nd Cir. 1997); In re Dorsainvil, 119 F.3d 245, 248 (3rd Cir. 1997).

Petitioner claims that the jury's verdict in this case was premised on evidence that he bought and sold a homemade un-controlled substance and that while doing so, he was not licensed or registered under the CSA, nor was he employed or affiliated with a commercially regulated entity authorized to engage in such transactions. Based on his present challenge, these acts do not constitute a crime.

In Montenegro v. United States, 248 F.3d 585, 596 (7th Cir. 2001), the court recognized that:

> The sort of innocence for which the best constitutional claim to collateral relief would be available occurs when, even if the trier of fact believed everything charged in the indictment, these acts just do not constitute a crime.

Citing Bousley v. United States, 523 U.S. 614 (1998); Davis v. United States, 417 U.S. 333 (1974).

It is violative of the Eighth Amendment to imprison someone who is actually innocent. See Robinson v. California, 370 U.S.

2

660, 667 (1962)("Even one day in prison would be a cruel and unusual punishment for the 'crime of having the common cold.'") Accord, Spaziano v. Florida, 468 U.S. 447, 465 (1984)(The continued confinement of an innocent person is "at odds with contemporary standards of fairness and decency.")

In Murray v. Carrier, 477 U.S. 478, 495 (1986) the Court made clear that "'[i]n appropriate cases' the principles of comity and finality... 'must yield to the imperative of correcting a fundamental unjust incarceration.'" Quoting Engle v. Isaac, 456 U.S. 107, 135 (1982). See also United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999)(A claim of actual innocence defined as factual innocence, not mere legal insufficiency—will have a mechanism for review.)

The significance of Petitioner's challenge, he submits, requires a mechanism for review.

2) Petitioner's present challenge goes directly to the trial court's jurisdiction, or lack thereof, ab initio over his criminal prosecution, i.e., the trial court lacked jurisdiction to determine Petitioner's guilt under the statutes charged.

In Kelly v. United States, 29 F.3d 1107, 1113 (7th Cir. 1993) the court pointed out that "[j]urisdictional defects are not waivable."

3

In discussing challenges to structural errors, the Supreme Court, in <u>Freytag. v. Commissioner</u>, 501 U.S. 868, 896 (1991), considered whether,

> ...a judgment already rendered be set aside because of an alleged structural error to which the losing party did not properly object? ... It will sometimes be so—not, however, because the error was structural, but because, whether structural or not, it deprived the federal court of its requisite subject-matter jurisdiction. Such an error may be raised by a party, and indeed must be noticed sua sponte by a court, at all points in the litigation.

Citing as examples, <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6, 17-18 (1951); <u>Mansfield, C. & L. M. R. Co, v. Swan</u>, 111 U.S. 379, 382 (1884).

It is important to point out that the original purpose of the writ of habeas corpus, of course, was to allow relief where a defendant was convicted by a court that lacked jurisdiction. See, e.g., <u>Johnson v. Zerbst</u>, 304 U.S. 458 (1938).

The Fourth Circuit long ago held that "no authority need be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable." <u>Hooker v. Boles</u>, 346 F.2d 285, 286 (1965).

Supreme Court authority makes clear that jurisdictional defects can be raised at any time despite any procedural barriers

3) Petitioner's claim that he is imprisoned based on conduct that was not made criminal pursuant to an act of Congress requires his immediate release under the Non-Detention Act, 18 U.S.C.

§ 4001(a) which provides:

> "No citizen shall be imprisoned or otherwise detained
> by the United States except pursuant to an Act of
> Congress."

The U.S. Supreme Court held that this language encompasses
all detentions of United States citizens. Howe v. Smith, 452 U.S.
473, 479 n.3 (1981)(characterizing the Non-Detention Act as
"proscribing detention **of any kind** by the United States."
(Emphasis in original).

Petitioner's reference to In re Davenport, 147 F.3d 605
was merely to show that U.S. Courts of Appeals' agree that "where
a defendant claims [as here] that he was convicted for conduct
that was not made criminal by the statute under which he was
prosecuted, he would be entitled to proceed under § 2241." In all
other aspects, the facts of that case are distinguishable.[1]

With regards to DAvenport's co-appellant—Nichols—the
Seventh Circuit's holding, read against the facts of that case,
is limited to circumstances in which a Supreme Court decision
has changed the law of a circuit retroactively in such a way that
a prisoner stands convicted for a nonexistent offense, and the
prisoner had no reasonable opportunity for a judicial remedy of
that fundamental defect before filing the § 2241. Id. at 611.

---

1. The Seventh Circuit found, unlike the challenge in this
case, that DAvenport is attacking his "sentence" rather than his
conviction, for the armed career criminal act is a sentence-
enhancement statute. Id. 609.

5

Although Petitioner can show that his "procedural shot" at presenting his claims in a timely §2255 was obstructed by prison officials' refusal to provide proper research material to mount the challenge, he should not be required to do so considering his claims of actual innocence and jurisdictional defects.

> The Constitution demands that respondent, [prisoner] despite his indigency, be afforded the same opport- unity for collateral review of his conviction as the nonindigent. 'If [the Government] has a general policy of allowing [collateral relief], it cannot make lack of means an effective bar to the exercise of this opportunity. The [Government] cannot keep the word of promise to the ear of those illegally convicted and break it to their hope.'

United States v. MacCollom, 426 U.S. 317, 333 (1976) quoting Grivvin v. Illinois, 351 U.S. at 24.

The Seventh Circuit, in In re Davenport, does not portend to foreclose relief, via § 2241 where, as here, a prisoner claims that he is imprisoned based on conduct that was not made criminal pursuant to an Act of Congress or where the court lacked juris- diction.

CONCLUSION

Based on one, more or all of the foregoing reasons, Petitioner, Steven D. Donovan, respectfully requests that this court instruct the Respondent to file an answer so as to enable this court to reach the merits of the claims presented.

Submitted this /8 day of
August, 2005.

Steven D. Donovan

6

August 16, 2005


RE: Steven D. Donovan v. ALBERTO GONZALES, Civil No. 05-1218


Dear Clerk:

Enclosed for filing in your office is one original and one copy of Steven Donovan's MOTION FOR LEAVE TO AMEND 28 USC § 2241 HABEAS PETITION and AMENDED PLEADING.

Sincerely,

Steven D. Donovan

P.S.

Please Stamp & File and make one copy of the Front page of Original Copy, and send it back in the Self addressed Envelope. I just want to know if you Received and filed the (59)E motion.

Thank you.