UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**PEORIA DIVISION**

```
STEVEN D. DONOVAN,              )
                                )
     Petitioner,                )
                                )
     v.                         )      No. 05-1218
                                )
RICK VEACH, Warden,             )
FCI Pekin, Illinois,            )
                                )
     Respondent.                )
```

# **O R D E R**

Before the Court is Steven Donovan's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody [Doc. #1]. In his Habeas Petition, Donovan argued that he was convicted for conduct that had not been made criminal by the statutes under which he was prosecuted. This Court determined that his argument was premature and on August 19, 2005, dismissed his case for lack of jurisdiction.

On appeal, the Seventh Circuit vacated this Court's decision and remanded the case with directions to dismiss it under Nunez v. United States, 96 F.3d 990 (7th Cir. 1996). Pursuant to the Seventh Circuit's mandate, Donovan's Habeas Petition will be dismissed as an unauthorized successive collateral attack on his federal conviction.

A habeas petition under § 2241 is unaffected by the Antiterrorism and Effective Death Penalty Act of 1996, which

imposes special rules requiring a petitioner to seek prior approval from the appropriate court of appeals before filing a second or successive collateral attack under § 2254 or § 2255. Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005) (citing Felker v. Turpin, 518 U.S. 651 (1996)). Ordinarily, however, "§ 2255 is the exclusive means for a federal prisoner to attack his conviction." Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Therefore, a federal prisoner may not challenge the validity of his conviction under § 2241 "unless § 2255, even if diligently employed, would not have been adequate to test the legality of the conviction and sentence." Melton v. United States, 359 F.3d 855, 858 (7th Cir. 2004).[1]

The Seventh Circuit has held that § 2255 will be found inadequate only in situations where its provisions limiting successive collateral attacks prevent a federal prisoner "from obtaining review of a legal theory that establishes the [prisoner's] actual innocence." Kramer, 347 F.3d at 217 (internal quotations omitted). But even when a federal prisoner

---

[1] Section 2255 ¶5 provides:
   An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶5.

asserts a legal claim of actual innocence, § 2241 is inapplicable if the prisoner previously had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998). In such situations, despite the label placed on the petitioner's document, it is essentially deemed a collateral attack under § 2255. See Kramer, 347 F.3d at 217.

   Here, Donovan has collaterally attacked his conviction and sentence unsuccessfully under § 2255 on at least three previous occasions. See Donovan v. United States, No. 04-1391 & 04-1736 (7th Cir. Apr. 8, 2004) (unpublished order); Donovan v. United States, No. 03-3022 (7th Cir. Aug. 18, 2003) (unpublished order); Donovan v. United States, No. 95-2720, 1996 U.S. App. LEXIS 33339 (7th Cir. Dec. 18, 1996). On each of these occasions, he had a reasonable opportunity to challenge the fundamental legality of his imprisonment based on what he alleges to be a nonexistent crime. See In re Davenport, 147 F.3d at 609. As a result, Donovan's first § 2255 motion provided him with the adequate means to challenge his conviction and, therefore, any subsequent challenge thereafter filed with this Court must be dismissed as a second or successive collateral attack unless the Court of Appeals has given prior

approval for its filing.  See 28 U.S.C. § 2255 ¶8 and § 2244(a); see also Nunez, 96 F.3d at 991.

Since the Seventh Circuit Court of Appeals has granted no such approval in this case, Donovan's Habeas Petition will be dismissed as an unauthorized successive collateral attack on his federal conviction.

IT IS THEREFORE ORDERED that Donovan's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody [Doc. #1] is DISMISSED.


Entered this  12th  day of April, 2006.


                                    /s/ Joe B. McDade
                                    JOE BILLY McDADE
                              United States District Judge