E-FILED
Monday, 21 August, 2006 10:26:52 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| STEVE D. DONOVAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 05-1218 |
| | ) |
| RICK VEACH, Warden | ) |
| | ) |
| Respondent. | ) |

### RESPONDENT'S RESPONSE TO PETITIONER'S
### MOTION FOR EXTENSION OF TIME TO
### FILE NOTICE OF APPEAL

NOW COMES the Respondent, Rick V. Veach, Warden, through his attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Greggory R. Walters, Assistant United States Attorney, and for his response to the petitioner's motion for extension of time to file notice of appeal [Doc. #22] states as follows:

### The Limited Remand Order

On August 11, 2006, in Appeal No. 06-2685, the United States Court of Appeals for the Seventh Circuit entered an order remanding the above-captioned matter for the limited purpose of this Court's ruling on the merits of the petitioner's motion for extension of time to file notice of appeal.

**Summary of the Argument**

The petitioner timely filed his motion for extension of time despite his filing the motion after filing the notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). However, the petitioner fails to demonstrate the "good cause" required under Fed. R. App. P. 4(a)(5)(A)(ii). The lockdown he discusses in his motion for extension of time, which did not commence until the evening of June 12, 2006, had no effect on his ability to timely deposit his notice of appeal in the prison's legal mail system earlier in the day during the institution's set hours of 11:00 a.m. to 12:30 p.m. Because June 12, 2006, was the last day the petitioner could deposit his notice of appeal under the appellate mailbox rule, *see* Fed. R. App. P. 4(c)(1), the notice of appeal is untimely, and there is no basis to grant the petitioner an extension of time.

**Procedural History**

In August 2005, the petitioner filed a collateral attack on his 1992, Eastern District of Wisconsin drug trafficking conviction. (R.1)[1] The petitioner labeled his collateral attack as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (R.1) This Court summarily dismissed the petition for lack of subject

---

[1] References to "R.__" are to the documents in the District Court record; references to "App.A" are to the Declaration of Guy Pagli appended to this response; and references to "App.B" are to the Declaration of Tammy Girard appended to this response.

matter jurisdiction. (R.3)  This Court held that the petitioner did not meet the requirements for bringing his collateral attack pursuant to *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), because the petitioner was not relying on any case authority that constituted a change in the law with respect to the issue the petitioner raised in his collateral attack. (R.3,p.5)

The petitioner appealed (R.7), and on March 16, 2006, the Seventh Circuit issued its mandate vacating this Court's order and judgment and directing this Court to enter an order dismissing the collateral attack as an unauthorized, successive collateral attack. (R.15)  On April 12, 2006, this Court complied with the Seventh Circuit's mandate, dismissing the collateral attack as an unauthorized, successive collateral attack.  (R.16)  This Court's order and judgment were entered in the record the following day on April 13, 2006. (R.16,17)

Sixty-seven days after the entry of this Court's final order and judgment, the petitioner's notice of appeal was docketed on June 19, 2006. (R.18)  This notice of appeal resulted in Appeal No. 06-2685 in the Seventh Circuit.  On June 21, 2006, the Seventh Circuit entered an order in the appeal, stating, in relevant part:

> Rule 4(a) of the Federal Rules of Appellate
> Procedure requires that a notice of appeal in a civil case

in which the United States is a party be filed in the district court within 60 days of the entry of the judgment or order appealed. In this case judgment was entered on April 13, 2006, and the notice of appeal was filed on June 19, 2006, seven days late. The district court has not granted an extension of the appeal period, see Fed. R. App. P. 26(b). Accordingly,

    IT IS ORDERED that appellant, on or before July 5, 2006, file a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction. A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement. . . .

    If appellant wishes to request and extension of time in which to file the notice of appeal, he should file an appropriate motion in the district court, not this court, as soon as possible. . . .

    IN THE ALTERNATIVE, appellant Steven D. Donovan may file a notarized statement or a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date the notice of appeal was deposited in the prison's internal mail system and stating whether first class postage was prepaid. See Federal Rule of Appellate Procedure 4(c). Appellant's statement or declaration shall be filed on or before July 5, 2006.

On June 30, 2006, the petitioner filed with this Court a motion for extension of time to file a notice of appeal. (R.22) On July 13, 2006, this Court entered an order denying the motion as moot because the petitioner's notice of appeal had preceded the motion for extension of time. (R.24)

The above-described limited remand order from the Seventh Circuit now follows.

**Argument**

Where the United States is a party in a civil case, a party that wishes to appeal must file its notice of appeal within 60 days after the district court enters the judgment or order to be appealed. *See* Fed. R. App. P. 4(a)(1)(B); *Rutledge v. United States*, 230 F.3d 1041, 1046 n.2 (7th Cir. 2000). This 60-day time limit is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 264 (1978) (addressing 30-day time limit in non-government party cases) (citations and internal quotation marks omitted).

**A.    The Petitioner's Motion For Extension Of Time Is Timely**

In this case, the petitioner filed his notice of appeal on June 19, 2006, or seven days late, and then filed his motion for extension of time on June 30, 2006. Despite the notice of appeal preceding the motion for extension of time, it appears the motion for extension of time is timely under Fed. R. App. P. 4(a)(5)(A)(i). Rule 4(a)(5)(A) provides:

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

5

>>(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, the party shows excusable neglect or good cause.

In other words, pursuant to Fed. R. App. P. 4(a)(5)(A)(i), the petitioner had 90 days from the entry of this Court's order and judgment to file his motion for extension of time to file a notice of appeal.[2] The petitioner filed his motion for extension of time on June 30, 2006, or, otherwise, within the 90-day period set forth in Fed. R. App. P. 4(a)(5)(A).

**B.   The Petitioner Fails To Establish "Good Cause"**

Even though the petitioner's motion for extension of time appears timely, this Court should still deny the motion. The petitioner does not argue excusable neglect in his motion. Therefore, he must establish good cause if this Court is to grant his motion. *See* Fed. R. App. P. 4(a)(5)(A)(ii).

Under the appellate mailbox rule, Monday, June 12, 2006, was the very last day the petitioner could deposit his notice of appeal in FCI-Pekin's legal mail system, postage pre-paid, since June 12 was day 60 following the entry of this Court's April 13, 2006, judgment. *See* Fed. R. App. P. 4(c)(1) (the appellate

---

[2] The time prescribed under Fed. R. App. P. 4(a)(1)(B) for the filing of the notice of appeal when the government is a party is 60 days. The sum of these 60 days plus the additional 30 allowed in Fed. R. App. P. 4(a)(5)(A) for filing a motion for extension of time equals 90 days.

mailbox rule); *see also* Fed. R. App. P. 4(a)(1)(B) (when government is a party, party has 60 days to file notice of appeal). Further, if a prison has a legal mail system, as is the case at FCI-Pekin (App.B,¶2), the prisoner must use the legal mail system to receive the benefit of the appellate mailbox rule. *See* Fed. R. App. P. 4(c)(1). Therefore, absent good cause, the petitioner must have deposited his notice of appeal in the prison's legal mail system, postage prepaid, not later than June 12, 2006.

It is undisputed that the petitioner did not deposit his notice of appeal in the legal mail system until June 16, 2006. (R.22,p.1) The petitioner, however, contends that there was good cause for his not depositing his notice of appeal on June 12, 2006, due to a lockdown at FCI-Pekin. (R.22,p.1) According to Lieutenant Guy Pagli, Acting Captain at the prison, the lockdown commenced at 6:05 p.m. on June 12, 2006, and ended at 7:40 p.m. on June 15, 2006. (App.A,¶2) The petitioner admits in his motion that the lockdown did not commence until the evening of June 12, 2006. (R.22,p.1) This lockdown had no effect on the petitioner's tardy notice of appeal.

Prisoners that use the legal mail system at FCI-Pekin must deposit their legal mail in the prison mail room between the institution's set hours of 11:00 a.m. and 12:30 p.m. (App.B,¶2) The lockdown that commenced at 6:05 p.m. on

June 12, 2006, could not have prevented and did not prevent the petitioner from depositing his notice of appeal earlier in the day between the hours of 11:00 a.m. and 12:30 p.m. Accordingly, his motion must be denied for lack of good cause.

Additionally, even assuming the lockdown that commenced on June 12 at 6:05 p.m. somehow affected his ability to deposit his notice of appeal in the legal mail system earlier in the day, this Court should still deny the petitioner's motion. By his own admission, the petitioner did not deposit his notice of appeal for mailing until June 16, 2006. (R.22,p.1) Nothing, however, prevented the petitioner from mailing legal mail during the lockdown period. During a lockdown at FCI-Pekin, prisoners may avail themselves of the legal mail process by handing their legal mail to a correctional officer. (App.B,¶3) The petitioner did not do so. Instead, without any justification, he waited until June 16, 2006, to deposit his notice of appeal with the institution's legal mail system. Therefore, not only has the petitioner failed to establish good cause for his failure to deposit his notice of appeal in the legal mail system on June 12, 2006, but he has also failed to justify why he waited four additional days, or until June 16, 2006, to mail his notice of appeal.

In summary, the petitioner has not demonstrated good cause in his motion. The facts belie his representation that the lockdown prevented his

timely mailing of the notice of appeal. His notice of appeal is late for the reason that he simply missed the deadline for depositing his notice of appeal in the legal mail system at FCI-Pekin. Consequently, this Court should deny his motion for extension of time to file notice of appeal.

## Conclusion

For the foregoing reasons, the Respondent respectfully requests this Court deny the petitioner's motion for extension of time to file notice of appeal [Doc. #22].

    Respectfully submitted,

    RICK V. VEACH,
    WARDEN

    RODGER A. HEATON
    UNITED STATES ATTORNEY


By:  /s/Greggory R. Walters
    Greggory R. Walters
    Assistant United States Attorney
    One Technology Plaza
    211 Fulton Street, Ste. 400
    Peoria, Illinois 61602
    Tel: 309.671.7050
    Fax: 309.671.7259
    E-mail: greggory.walters@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2006, I electronically filed the foregoing Respondent's Response to Petitioner's Motion for Extension of Time to File Notice of Appeal with the Clerk of the Court using the CM/ECF system, and I hereby certify that service of a copy of the Response has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

>Steven D. Donovan
>Reg. No. 03293-089
>FCI Pekin
>P.O. Box 5000
>Pekin, IL 61555-5000

/s/Debra L. Hansen
Debra L. Hansen
Legal Assistant